**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| LANDMARK AMERICAN <br> INSURANCE COMPANY, <br><br>        **Plaintiff,** <br><br> vs. <br><br> GREEN LANTERN ROADHOUSE <br> LLC, LINDA KRATT, and <br> LOUIS BUENNEMEYER, <br><br>        **Defendants.** | ) <br> ) <br> ) <br> ) <br> ) <br> )     **Case No. 07-cv-0535-MJR** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**ORDER AND MEMORANDUM**

**REAGAN, District Judge:**

On July 25, 2007, Landmark American Insurance Company filed this declaratory judgment action, invoking subject matter jurisdiction under the federal diversity statute, 28 U.S.C. § 1332. The Court is unable to determine whether subject matter jurisdiction properly lies in this case, because key jurisdictional facts are missing from Landmark's complaint.

The amount in controversy suffices for diversity jurisdiction. Landmark informs the Court that it is an Oklahoma stock company with its principal place of business in Georgia. However, the complaint does NOT allege the place(s) of citizenship of Defendants Linda Kratt and Louis Buennemeyer, or the place(s) of citizenship of the members of Green Lantern, a limited liability company. The Court is told that Kratt and Buennemeyer are "residents" of the State of Illinois. These allegations do not properly demonstrate Defendants' citizenship, as required for this Court to determine that complete diversity exists.

The Seventh Circuit consistently admonishes parties for pleading residence rather than citizenship. Earlier this year, for example, the Seventh Circuit reminded counsel that allegations of residence are "inadequate," "residence and citizenship are not synonyms," and "it is the latter that

-1-

matters for purposes of diversity jurisdiction." *Camico Mut. Ins. Co. v. Citizens Bank*, **474 F.3d 989, 992 (7th Cir. 2007),** *quoting McMahon v. Bunn-O-Matic Corp.*, **150 F.3d 651, 653 (7th Cir. 1989), and** *Meyerson v. Harrah's East Chicago Casino*, **299 F.3d 616, 617 (7th Cir. 2002).** The Court needs additional information to determine whether the parties are completely diverse in citizenship.

As to Green Lantern, the complaint alleges that it is an Illinois limited liability company with its principal place of business in Effingham County, Illinois. The law of this Circuit provides that – for diversity purposes – the citizenship of a limited liability company is the citizenship of EACH of its members, so complete diversity can only be ascertained if the complaint *identifies* the citizenship of *each* member of the LLC. *Synfuel Technologies, Inc. v. DHL Express (USA), Inc.*, **463 F.3d 646, 651 (7th Cir. 2006);** *Wise v. Wachovia Securities, LLC*, **450 F.3d 265, 267 (7th Cir. 2006).** Indeed, a limited liability company is a citizen of EVERY state of which any member is a citizen, and "this may need to be traced through multiple levels if any of [the] members is itself a partnership or LLC." *Mutual Assignment and Indemnification Co. v. Lind-Waldock & Co., LLC*, **364 F.3d 858, 861 (7th Cir. 2004).**

Accordingly, the Court **DIRECTS** Landmark's counsel to file a jurisdictional memorandum by **October 12, 2007** stating the citizenship (not residence) of each Defendant, and explicitly stating Landmark's state of incorporation. The Court **DIRECTS** Green Lantern's counsel to file a jurisdictional memorandum by **October 12, 2007** identifying the citizenship of each member of the LLC.

**IT IS SO ORDERED.**

**DATED this 27th day of September 2007.**

> **s/ Michael J. Reagan**
> **MICHAEL J. REAGAN**
> **United States District Judge**