# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LANDMARK AMERICAN INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Case No. 07-cv-0535-MJR<br>) |
| GREEN LANTERN ROADHOUSE LLC, LINDA KRATT, and LOUIS BUENNEMEYER, | )<br>)<br>)<br>) |
| Defendants. | ) |

## ORDER AND MEMORANDUM

**REAGAN, District Judge:**

On July 25, 2007, Landmark American Insurance Company filed this declaratory judgment action, invoking subject matter jurisdiction under 28 U.S.C. § 1332, the federal diversity statute. Unable to determine whether this Court had subject matter jurisdiction, the Court ordered jurisdictional memoranda on three separate occasions (Docs. 17, 29, & 32). On January 23, 2008, the Court finally determined that subject matter jurisdiction lies in this action and set a trial date of March 2, 2009 (Doc. 35).

On November 27, 2007, Ronald Thoele, managing agent for Green Lantern, submitted a pro-se motion for an extension of time to file an answer on behalf of Green Lantern (Doc. 30). The motion was stricken, however, because a limited liability company may only appear in federal court through licensed counsel (Doc. 31).

As Green Lantern failed to defend the action, Landmark filed a motion for default judgment on April 4, 2008, which the Court construed as a motion for entry of default pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 55(a)** (Doc. 44). On April 7, 2008, the Court granted the

motion and the Clerk entered default against Green Lantern (Doc. 47). Landmark promptly moved for default judgment under **Rule 55(b)** (Doc. 49), which Defendant Kratt opposed in Green Lantern's absence (Doc. 50). On April 23, 2008, Green Lantern finally appeared in the case (Doc. 54) and moved to vacate entry of default (Doc. 55). Landmark responded on May 5, 2008 (Doc. 58). Green Lantern soon after submitted a reply (Doc. 59), which Landmark moves to strike on the basis that it improperly raises arguments that were not included in its original motion (Doc. 60).

Having considered the parties' filings, the Court hereby **GRANTS** Green Lantern's motion to vacate entry of default (Doc. 55), **DENIES** Landmark's motion for attorney's fees and costs (Doc. 49), **DENIES AS MOOT** Landmark's motion for default judgment (Doc. 49), and **DENIES AS MOOT** Landmark's motion to strike (Doc. 60).

**Rule 55(c)** provides that "[t]he court may set aside an entry of default for good cause." It is well-established that to succeed under Rule 55(c), a party must show "(1) good cause for [its] default; (2) quick action to correct it; and (3) a meritorious defense to the plaintiff's complaint." *O'Brien v. R.J. O'Brien & Associates, Inc.*, **998 F.2d 1394, 1401 (7th Cir. 1993) (quoting *United States v. DiMucci*, 879 F.2d 1488, 1495 (7th Cir. 1989)).** More recently, the Seventh Circuit has explained:

> Defaults may be set aside for "good cause." [For instance,] [d]amages disproportionate to the wrong afford good *cause* for judicial action, even though there is no good *excuse* for the defendant's inattention to the case. Rule 55(c) requires "good cause" for the judicial action, not "good cause" for the defendant's error; as used in this Rule, the phrase is not a synonym for "excusable neglect." (Another way to see this is that Rule 55(c) uses the "good cause" standard for relief before judgment has been entered, while referring to the standard under Rule 60(b) for relief after judgment. Rule 60(b) allows relief on account of mistake and inadvertence in addition to excusable neglect; the "good cause" standard in Rule 55(c) must be easier to satisfy.)

*Sims v. EGA Products, Inc.*, 475 F.3d 865, 868 (7th Cir. 2007) **(emphasis in original; citations omitted).**

Under these standards, the Court finds good cause exists to vacate default under Rule 55(c). First, Green Lantern quickly moved to set aside default, having filed its motion to vacate just over two weeks after the Clerk entered default against it (See Docs. 47 & 55). Moreover, Green Lantern appears to have a meritorious defense, as it asserts that it did not breach any agreement within the insurance policy at issue in this case.

That leaves the "good cause" requirement. Good cause exists in this case for a variety of reasons. It was apparent early on that Ronald Thoele, apparently one of Green Lantern's members, mistakenly believed that he could represent Green Lantern pro se. Only after the Court's November 29, 2007 Order was he informed that he could not do so and that he must instead hire counsel. He has now done so, counsel has appeared, and Green Lantern is prepared to defend itself in this action. Additionally, this case is still in its earliest stages. Trial is nearly a year away, and discovery and dispositive motions are not due for another six months.

Given these circumstances, the Court finds good cause to grant Green Lantern's motion and vacate the entry of default. In its response (Doc. 58), Landmark requests that the Court require Green Lantern to pay various attorney's fees and costs associated with filing its jurisdictional memoranda and serving Green Lantern. The Court declines Landmark's invitation to do so at this time, though the Court will consider a formal motion for attorney's fees and costs at the close of the litigation.

Accordingly, the Court hereby **GRANTS** Green Lantern's motion to vacate the entry of default (Doc. 55) and **VACATES** the Clerk's entry of default (Doc. 47). Consequently, the Court

**DENIES AS MOOT** Landmark's motion for default judgment (Doc. 49) and Landmark's motion to strike (Doc. 60). The Court also **DENIES** Landmark's motion for attorney's fees and costs (Doc. 49). Finally, the Court **DIRECTS** Green Lantern to file its answer **no later than June 4, 2008.**

       **IT IS SO ORDERED.**

       **DATED this 21st day of May 2008.**

       **s/ Michael J. Reagan**
       **MICHAEL J. REAGAN**
       **United States District Judge**