IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LANDMARK AMERICAN )
INSURANCE COMPANY, )
 )
      Plaintiff, )
 )
vs. ) Case No. 07-CV-0535-MJR
 )
GREEN LANTERN ROADHOUSE, LLC, )
and LINDA KRATT, )
 )
      Defendants. )

## ORDER ON MOTIONS IN LIMINE

**REAGAN, District Judge:**

The parties have filed motions in limine seeking the exclusion of certain testimony and evidence at trial (Docs. 92, 93, 96, 97, 104, & 123).[1]

The purpose of a motion in limine is to allow the trial court to rule on the relevance and admissibility of evidence before it is offered at trial. ***See Luce v. United States,* 469 U.S. 38, 41, n.4 (1984)("although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials"); FED. R. EVID. 104(a)("Preliminary questions concerning the qualification of a person to be a witness ... or the admissibility of evidence shall be determined by the court....").**

The motion in limine is not found in the FEDERAL RULES OF CIVIL PROCEDURE nor in the FEDERAL RULES OF EVIDENCE. ***Deghand v. Wal-Mart Stores, Inc*., 980 F. Supp. 1176, 1179**

---

[1] At the February 19, 2009 Final Pre-Trial Conference, the parties withdrew all other motions in limine in light of the Court's ruling on summary judgment (see Doc. 129).

**(D.Kan.1997)**. It serves to "aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Palmieri v. Defaria,* **88 F.3d 136, 141 (2d Cir. 1996).** Motions in limine also may save the parties time, effort and cost in preparing and presenting their cases. *Pivot Point Intern., Inc. v. Charlene Products, Inc.,* **932 F. Supp. 220, 222 (N.D. Ill. 1996)**. Often, however, the better practice is to wait until trial to rule on objections, particularly when admissibility substantially depends upon facts which may be developed there. *See Sperberg v. Goodyear Tire & Rubber Co.,* **519 F.2d 708, 712 (6th Cir.),** *cert. denied***, 423 U.S. 987 (1975).**

The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground, "for any purpose." *Plair v. E.J. Brach & Sons, Inc.,* **864 F. Supp. 67, 69 (N.D. Ill. 1994)**. The court may deny a motion in limine when it "lacks the necessary specificity with respect to the evidence to be excluded." *Nat'l Union Fire Ins. Co. of Pittsburgh v. L.E. Myers Co. Group,* **937 F. Supp. 276, 287 (S.D.N.Y. 1996)**. Moreover, the court may alter an limine ruling based on developments at trial or sound judicial discretion. *Luce,* **469 U.S. at 41**.

"Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial." *Hawthorne Partners v. AT&T Tech., Inc.,* **831 F. Supp. 1398, 1401 (N.D. Ill. 1993)**. Denial only means that the court cannot decide admissibility outside the context of trial. *Plair,* **864 F. Supp. at 69**.

Clearly, a court may reserve judgment until trial, so that the motion in limine is placed "in an appropriate factual context." *Nat'l Union,* **937 F. Supp. at 287.** Stated another way, motion in limine rulings are "subject to change when the case unfolds" at trial. *Luce,* **469 U.S. at 41.** Indeed, "even if nothing unexpected happens at trial, the district judge is free, in the exercise

of sound judicial discretion, to alter a previous in limine ruling." *Id.* The Court should exclude evidence on a motion in limine "only when the evidence is clearly inadmissible on all potential grounds." *Commerce Funding Corp. v. Comprehensive Habilitation Servs.*, **2005 WL 1026515, \*3 (S.D.N.Y. 2005)**.

With these principles in mind, the Court rules as follows.

Linda Kratt's fourth motion in limine (Doc. 92, No. 4) seeks to prohibit Landmark from presenting testimony that contradicts its complaint, which states that the damages exceed $500,000. The Court **DENIES** Kratt's motion in limine at this time, since the admissibility of this evidence substantially depends upon the facts developed at trial and the laying of an appropriate foundation. Thus, a ruling at this juncture would be premature.[2] Likewise, the Court **DENIES** Green Lantern's second motion in limine (Doc. 97), as it adopts the same argument.

Landmark's first motion in limine asks the Court to exclude expert testimony regarding any business income loss (Doc. 93). This Court **DENIES** Landmark's first motion in limine, because it is in the nature of a *Daubert* challenge. As a result, the motion is untimely and should have been made before expiration of the dispositive motion deadline. ***See*** **http://www.ilsd.uscourts.gov/reagancivil.html#MotionPractice.**

Landmark's third motion in limine seeks the exclusion of expert testimony regarding the replacement value and/or actual cash value for the damaged property (Doc. 96). As to the portion of the motion that challenges Mr. Freels's qualifications, the Court **DENIES** the motion for the same reasons Landmark's first motion in limine was denied. As to the contention that replacement coverage is not available, the Court **DENIES** the motion in limine at this time, since

---

[2] Kratt previously withdrew the rest of her motions in limine (see Doc. 92).

the admissibility of this evidence substantially depends upon the facts developed at trial and the laying of an appropriate foundation. Thus, a ruling at this juncture would be premature.

Green Lantern's third motion in limine seeks to preclude Landmark from arguing that, because the property has not yet been repaired or replaced, the policy only permits recovery for the actual cash value and not the replacement cost value of the premises and business personal property (Doc. 104). The Court **DENIES** Green Lantern's third motion in limine at this time, since the admissibility of this evidence substantially depends upon the facts developed at trial and the laying of an appropriate foundation. Thus, a ruling at this juncture would be premature.

Finally, Landmark's tenth motion in limine seeks to bar expert testimony regarding any supplemental personal property claim due to late disclosure (Doc. 123). The Court **DENIES** this motion in limine. Although the disclosure made on January 26, 2009 is untimely in that it came two months after discovery closed, the supplement offers no surprise since its figures support the initial disclosure of August 22, 2008. Since Plaintiff did not seek to depose Mr. Freels, it cannot claim surprise by a later consistent disclosure that provided more detail.

Accordingly, the Court hereby **DENIES** all remaining motions in limine (Docs. 92, 93, 96, 97, 104, & 123).

**IT IS SO ORDERED.**

**DATED this 24th day of February 2009.**

<u>s/ Michael J. Reagan</u>
**MICHAEL J. REAGAN**
**United States District Judge**